| | |
|---|---|
| 1 | Kirk J. Anderson (SBN 289043) |
| | kanderson@budolaw.com |
| 2 | Budo Law PC |
| | 5610 Ward Road, Suite 300 |
| 3 | Arvada, CO, 80002 |
| 4 | Telephone: (720) 225-9440 |
| | Facsimile: (720) 225-9331 |

*Attorney for Plaintiff*
*Optima Direct, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| OPTIMA DIRECT, LLC, | Case No. 4:21-cv-02823-DMR |
| *Plaintiff*, | |
| v. | DEMAND FOR JURY TRIAL |
| YAGEO AMERICA CORPORATION, | PLAINTIFF'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR LEAVE FOR ALTERNATE SERVICE |
| *Defendant*. | |

# MOTION

Plaintiff Optima Direct, LLC, ("Optima") by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 4(e)(1), hereby moves this Court for leave to serve the summons and complaint in this action on Defendant Yageo America Corporation ("Yageo") by alternate substitute method.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Factual and Procedural History

On April 19, 2021, Optima commenced this civil action against Yageo for patent infringement. *See* Dkt. 1. Yageo is a Delaware corporation with an established place of business in California at 2550 N First Street, Suite 480, San Jose, CA 95131 and may be served through it registered agent of process, Chih-Hao Chen at 2550 N First Street, Suite 480, San Jose, CA 95131. *See* Declaration of Kirk J. Anderson in support of Plaintiff's Motion for Alternate Service ("Anderson Decl.") and Ex. A. On three separate occasions, Optima, through its process server, attempted personal service at Yageo's place of business in San Jose, California – on July 14, 2021, July 19, 2021, and July 29, 2021. *See* Declaration of Diligence of Thomas J. Bowman, Jr. Mr. Bowman made the first attempt at personal service on July 14, 2021. Mr. Bowman reported that there was no answer at the business address, the door was locked, and mail was on the floor. *Id.* The second attempt at personal service was made on July 19, 2021. Once again, Mr. Bowman reported there was no answer at the business address; however, the mail that was previously on the floor had been taken.

*Id.* At that point, Mr. Bowman tagged the door with a notice. *Id.* Mr. Bowman then returned to the business address on July 29, 2021. *Id.* On that date, Mr. Bowman reported there was still no answer at the door and the tag had not been broken, indicating no one had entered that door since the tag had been placed. *Id.*

In addition to the attempts at personal service, counsel for Optima has emailed Ben Wang (bwang@raklaw.com) to request a waiver of service at least two times, on July 19, 2021 and September 10, 2021. *See* Anderson Decl. ¶ 4. From conversations with Yageo's prior counsel, it is clear that Yageo is aware of this case. *See id.* at ¶ 5. Ultimately, it can be concluded that Yageo is simply attempting to evade service and the authority of this Court.

Accordingly, Optima is filing this motion for leave to serve Defendant Yageo America Corporation by the following alternative or substitute methods: (1) emailing a copy of the summons, complaint, and related papers to the following address Ben Wang (bwang@raklaw.com); (2) mailing a copy of said papers to Yageo's business address, 2550 N. First Street, Suite 480, San Jose, California 95131; and/or (3) by hand delivery of process and the order authorizing such service to the Secretary of State.

**2. Law and Argument**

Fed. R. Civ. Proc. 4(h)(1)(A) allows service of process to corporations and other business entities in the same ways permitted by Rule 4(e), including all methods allowed by state law. The California Civil Procedure Code allows for five basic

methods of service: 1) personal delivery to the party (*see* Cal. Civ. Proc. Code §415.10); (2) delivery to a person at the party's usual residence or place of business with mailing following after (known as "substitute service") (*see* Cal. Civ. Proc. Code §415.20); (3) service by mail with acknowledgment of receipt (*see* Cal. Civ. Proc. Code §415.30); (4) service on persons outside the state by certified or registered mail with a return receipt requested (*see* Cal. Civ. Proc. Code §415.40); and (5) service by publication (*see* Cal. Civ. Proc. Code §415.50). Additionally, under California law, a court may also order that service be made on a corporation by hand-delivery of both process and the order authorizing such service to the Secretary of State.

Cal. Corp. Code § 1702(a) provides:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the

Secretary of State.

Under California Corporations Code §1702(a), a plaintiff must further show by affidavit that process against a domestic corporation cannot be served with reasonable diligence pursuant to California Code of Civil Procedure §416.10 (service to agent for service of process or to the company's chief executive officers) and California Corporations Code §1701 (hand-delivery of process to agent for service of process).

Further, service by email is permitted in certain circumstances under Rule 4(e)(1) and Section 413.30. For example, in *United Health Services, Inc. v. Meyer*, C 12–6197 CW, 2013 WL 843698, at *1 (N.D.Cal. Mar. 6, 2013), a plaintiff offered evidence that it tried to serve the defendant in a number of ways, including having a process server find the defendant at her address of record as well as her home address, retaining a private investigator to locate and serve the defendant, mailing a copy of the summons and complaint with a notice of acknowledgment of receipt for the defendant to return, and emailing the defendant about the pending action on multiple occasions. None of these attempts were fruitful. Judge Meyer granted the plaintiff's motion to serve the defendant by email in light of other evidence that the defendant had used her email address to send thirty-five messages to the plaintiff, including communications concerning their litigation. *Id*. at *2.

Also, in *Aevoe Corporation v. Pace*, C 11–3215 MEJ, 2011 WL 3904133, at *2 (N.D.Cal. Sept. 6, 2011) (Magistrate Judge Maria–Elena James), email service was allowed where the plaintiff had made "reasonable" attempts to serve the defendant.

- 4 -

These attempts included the plaintiff calling the defendant's phone numbers, emailing the defendant, mailing the complaint to the defendant's known addresses, attempting to personally serve the defendant, and retaining a private investigator to track the defendant down. *See also Steve McCurry Studios, LLC v Web2Web Mktg, Inc.,* No. C 13-80246 WHA, 2014 WL 1877547, at *2 (ND Cal, May 9, 2014).

Moreover, in *Zynga Game Network, Inc. v. Goh*, 2011 WL 13376996 (N.D. Cal. Feb. 14, 2011) (Magistrate Judge Donna M. Ryu), this Court stated that any alternate method of service under Rule 4(f)(3) must also comport with constitutional notions of due process. *Zynga Game Network, Inc. v. Goh,* No. C-09-05297-SBA (DMR), 2011 WL 13376996, at *5 (N.D. Cal. Feb. 14, 2011), report and recommendation adopted, No. C 09-05297 SBA, 2011 WL 13376997 (N.D. Cal. Mar. 1, 2011). Ultimately, this Court found that service by email comports with the constitutional notion of due process. In fact, this Court has found that courts have authorized a "wide variety" of methods, including service by email. *Id.* Specifically, the Ninth Circuit has found email to be a constitutionally acceptable form of service where it was reasonably calculated to provide notice and an opportunity to respond. *Id.* "Indeed, when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." *Id. (quoting Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002).) Ultimately, this Court has discretion "to balance the limitations of email service against its benefits in any particular case." *Id*. (citation omitted).

As shown in the declarations of Thomas J. Bowman, Jr. and Kirk J. Anderson, defendant Yageo America Corporation is evading service in this action. Optima has attempted to serve Yageo on three separate occasions and when that did not work, Optima contacted Yageo to secure a waiver of service. Accordingly, this Court is justified to direct service of summons by alternative or substitute methods.

## CONCLUSION

Optima hereby respectfully requests this Court for leave to serve Defendant Yageo America Corporation by emailing a copy of the summons, complaint, and related papers to Ben Wang (bwang@raklaw.com) and mailing a copy of said papers to Yageo's business address, 2550 N. First Street, Suite 480, San Jose, California 95131. In the alternative, Optima respectfully requests this Court for leave to serve Defendant by hand delivery of process and the order authorizing such service to the Secretary of State.

Dated: September 22, 2021                    Respectfully submitted,

*/s/ Kirk Anderson*
Kirk. J. Anderson (CA SBN 289043)
kanderson@budolaw.com
BUDO LAW, PC
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

***Attorney(s) for Optima Direct, LLC***