UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTIMA DIRECT, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>YAGEO AMERICA CORPORATION,<br><br>  Defendant. | Case No. 21-cv-02823-DMR<br><br>**ORDER DENYING MOTION FOR ALTERNATE SERVICE**<br><br>Re: Dkt. No. 20 |

Plaintiff Optima Direct LLC ("Optima") moves for alternate service of its complaint alleging patent infringement against Defendant Yageo America Corporation ("Yageo."). Optima seeks leave to serve the complaint by email to a particular individual, and/or by hand delivery to the California Secretary of State. For the reasons discussed below, Optima's motion is denied without prejudice.[1]

## I.   BACKGROUND

According to the complaint, Optima holds the rights to a patent registered with the U.S. Patent and Trademark Office as Patent No. 6,396,460 (the "'460 patent") relating to chip antennas used in wireless communication networks and equipment. Compl. ¶¶ 10-12 [Docket No. 12.] Optima's patented technology expands the bandwidth of chip antennas while also reducing their size. *Id.* ¶¶ 13-17. Optima is organized and maintains its principal place of business in Wyoming. *Id.* ¶ 3.

Optima alleges that Yageo, a Delaware corporation with an established place of business in San Jose, California, sells, distributes, and advertises products that infringe on the '460 patent. *Id.* ¶¶ 4, 7, 24. The infringing products include a chip antenna system that Yageo produces and sells

---

[1] This motion is suitable for determination without oral argument. *See* Civ. L.R. 7-1(b).

that is used for navigation devices. *Id.* ¶ 18. Optima alleges one count of patent infringement in violation of 35 U.S.C. § 271 for direct, induced, contributory, and willful infringement of the '460 patent. *Id.* ¶¶ 25-40.

Optima filed its complaint on April 19, 2021. On July 15, 2021, the court issued an order noting that Yageo had not appeared and Optima had not filed a proof of service of the summons and complaint. [Docket No. 13.] On September 22, 2021, Optima filed this motion for alternate service with an accompanying counsel declaration. [Docket No. 20 ("Mot.").] According to Optima, it made three separate attempts to personally serve Yageo at 2550 N. First Street, Suite 480, San Jose, California (the "San Jose address") that Optima identified through Yageo's statement of information filed with the California Secretary of State. Mot. at 1; *see* Declaration of Kirk J. Anderson ("Anderson Decl.") Ex. A (statement of information). Yageo's statement of information names the following officers: Chief Executive Officer Deng-Rue Wang, Secretary Wen-Chuan Yang, and Chief Financial Officer Chih-Hao Chen, all located at the San Jose address. Mot. Ex. A. The statement of information also names Chih-Hao Chen as Yageo's agent for service of process. *Id.*

On July 14, 2021, Optima's process server attempted personal service at the San Jose address but reported "no answer at business address. Door locked & mail on floor." [Docket No. 20-2 ("Bowman Decl.")].[2] The process server said that it "appear[ed] desk do[es] not have anything on them." *Id.* On July 19, the process server made a second unsuccessful attempt at the San Jose address. He reported "no answer at business address" and that the mail had been removed. *Id.* He tagged the door with a notice. *Id.* On July 29, the process server made a third unsuccessful attempt at the San Jose address, again reporting no answer at the business address and that "[n]o one has been thru the door since 7-20-21." *Id.*

Optima's counsel also twice requested that Yageo waive service by sending an email to a person named Ben Wang on July 19 and September 10, 2021. Mot. at 2; Anderson Decl. ¶¶ 4-5.

---

[2] Optima filed the one-page report from the process server as an attachment to its motion without properly authenticating the report in his declaration. In future filings, Optima is instructed to satisfy the foundational prerequisites for its attachments and exhibits.

2

Optima's motion states, without evidentiary support, that "[f]rom conversations with Yageo's prior counsel, it is clear that Yageo is aware of this case." Mot. at 2.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 4 governs service of the complaint and summons. Under Rule 4(h)(1)(B), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Alternatively, a corporation may be served in accordance with Rule 4(e), which allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(h)(1)(A). California law provides for service of summons by personal delivery, substitute service, mail, or publication. Cal. Code Civ. Proc. §§ 415.10-.50. Courts may also authorize alternative methods of service pursuant to pursuant to California Code of Civil Procedure section 413.30, which provides, "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Due process requires that service of process must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## III.   DISCUSSION

Optima seeks leave to serve the summons and complaint via email to an address attributed to Ben Wang and/or hand delivery to the California Secretary of State.[3] Mot. at 2, 6. Optima has

---

[3] Optima also requests to "mail[] a copy of said papers" to the San Jose address. It is unnecessary to make such a request, as California law expressly authorizes service by first-class mail or airmail with a written acknowledgment of receipt. *See* Cal. Code Civ. Proc. § 415.30(a). In fact, as discussed below, should Optima seek leave again for alternate service, it will need to establish that

3

failed to make a sufficient showing to support either method of service.

### A. Email Service

Courts in this district have authorized email service where email is "reasonably calculated to give actual notice to the party to be served" under California Code of Civil Procedure section 413.30. *United Health Servs., Inc. v. Meyer*, No. C12-6197-CW, 2013 WL 843698, at *1 (N.D. Cal. Mar. 6, 2013) (citing cases); *see also Rio Props.*, 284 F.3d at 1018-19 (holding that email service was constitutionally acceptable where it was "reasonably calculated to apprise [the defendant] of the pendency of an action and afford it an opportunity to respond"). The Ninth Circuit has confirmed that email service is appropriate where the defendant had "neither an office nor a door; it had only a computer terminal," it had "structured its business such that it could be contacted only via its email address," and where email was "the method of communication which [defendant] utilizes and prefers." *Rio Props.*, 284 F.3d at 1017-18.

Optima has not shown that email service is warranted because it has failed to establish that the method is reasonably calculated to give Yageo actual notice of this action. Optima does not explain who Ben Wang is, what is Wang's connection to Yageo, or how Optima identified Wang's email address. Optima simply states that it "has emailed Ben Wang . . . to request a waiver of service at least two times"; it does not offer evidence that Yageo, its officers, or its agent received those emails and failed to respond. *See* Mot. at 2; Anderson Decl. ¶¶ 4-5.[4] Nor does Optima's counsel attest that he successfully communicated with Yageo via Wang's email address before.

Optima's cited cases are readily distinguishable. In *Meyer*, the court authorized email service where the plaintiff "submitted evidence that Defendant has sent it more than thirty-five emails from that email address, including communications regarding the transmission of legal documents, settlement negotiations and her positions on legal issues, including those at issue in

---

mail service was not fruitful.

[4] As previously stated, Optima's statement in its motion that "[f]rom conversations with Yageo's prior counsel, it is clear that Yageo is aware of this case" is not supported by counsel's declaration. *See* Mot. at 2. The declaration simply attests that counsel "requested waiver of service of Defendant Yageo America Corporation for the second time." Anderson Decl. ¶ 5. Nothing in the declaration supports the proposition that Yageo is aware of this lawsuit or that Yageo's counsel has communicated with Optima.

4

the instant case." *Meyer*, 2013 WL 843698, at *2. The evidence included a statement from the defendant that she "get[s] everything that you send to me by email." *Id.* (alterations in original) (quotations omitted). Similarly, the court in *Pace* authorized email service where the plaintiff alleged that it had "previously communicated with Pace via email, and that [the defendant] ha[d] actual notice of this lawsuit because he ha[d] received a copy of the complaint via e-mail from Aevoe." *Aevoe Corp. v. Pace*, No. C 11-3215-MEJ, 2011 WL 3904133, at *1-2 (N.D. Cal. Sept. 6, 2011). By contrast, Optima simply asserts it emailed Ben Wang twice. Optima does not show any connection between Yageo and Wang, that Yageo has communicated through emails sent from Wang's address, or any other information suggesting that emailing Wang would result in a response from Yageo.[5] Accordingly, Optima has failed to demonstrate that emailing the complaint and summons to Wang is reasonably calculated to apprise Yageo of this litigation.

**B.      Service on the California Secretary of State**

Optima has also not demonstrated that service on the California Secretary of State is warranted. A court may authorize service on a corporation via hand delivery to the California Secretary of State if the agent for service of process "cannot with reasonable diligence be found at the address designated for personally delivering the process." Cal. Corp. Code § 1702(a). "For a court to issue such an order, it must be 'shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence' on the corporation's agent according to California Code of Civil Procedure sections 415.10[], 415.20(a), or 415.30(a) or upon the corporation according to sections 416.10(a)-(c) and 416.20(a)." *Floyd v. Saratoga Diagnostics, Inc.*, No. 20-cv-1520-LHK, 2020 WL 3035799, at *2 (N.D. Cal. June 5, 2020) (quoting Cal. Corp. Code § 1702(a)). "Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State." Cal. Corp. Code § 1702(a).

---

[5] Optima also offers this court's decision in *Zynga Game Network, Inc. v. Goh*, No. 09-5297-DMR, 2011 WL 13376996, at *5 (N.D. Cal. Feb. 14, 2011). It is also distinguishable on its facts. In that case, the undersigned concluded that email service was proper because "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." *Id.* at *5 (quoting *Rio Props.*, 284 F.3d at 1018). Optima has not pointed to any similar facts in this case.

1    Optima has not shown that service on Yageo or its agent Chih-Hao Chen cannot be

2 completed with "reasonable diligence." To analyze "reasonable diligence," the court examines

3 Optima's efforts with respect to the five relevant methods of service referenced in California

4 Corporations Code section 1702(a). *See Floyd*, 2020 WL 3035799, at *2 (applying similar

5 approach).[6]

6    First, California Code of Civil Procedure section 415.10 authorizes personal delivery on

7 the defendant. Cal. Code. Civ. Proc. § 415.10. Optima attempted personal service on Yageo three

8 times at the San Jose address—the same address listed for Yageo's business, agent, and its

9 officers. Those unsuccessful attempts at personal service are sufficient to show that process

10 cannot be accomplished with reasonable diligence by personal delivery. *See Bein v. Brechtel-*

11 *Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1391-92 (1992) ("[T]wo or three attempts at personal

12 service at a proper place should fully satisfy the requirement of reasonable diligence and allow

13 substituted service to be made.").

14    Second, section 415.20(a) authorizes substitute service by leaving a copy of the papers at

15 the office of the person to be served "with the person who is apparently in charge" and mailing the

16 papers afterward. Cal. Code Civ. Proc. § 415.20(a). As no one was present at the San Jose

17 address on the three occasions when the process server attempted service, substitute service could

18 not be accomplished.

19    Third, section 415.30(a) authorizes service by mail with an acknowledgement of receipt.

20 Cal. Code Civ. Proc. § 415.30(a). Optima has not yet tried to serve the papers by mail to the San

21 Jose address.

22    Fourth, section 416.10(a) authorizes service on a corporation through its agent. Cal. Code

23 Civ. Proc. § 416.10(a). Optima's affidavit only refers to attempts to personally serve Yageo at the

24 San Jose address, which is the same address listed on the Secretary of State's statement of

25 information for Yageo as for Yageo's agent Chih-Hao Chen. Optima did not search for other

---

[6] Corporations Code section 416.10(c) is irrelevant as it applies only to banks. Corporations Code section 416.20 is also irrelevant as it applies to corporations that are dissolved or that have forfeited their charter.

addresses for Chen besides at the San Jose address, such as a home address.  "An affidavit failing to demonstrate that a diligent search for officers as well as agents was performed is inadequate." *Bd. of Trs. of Labs. Health & Welfare Tr. Fund v. Bowdry & Bowdry Janitorial LLC*, No. 18-cv-1702-MEJ, 2018 WL 3093377, at *2 (N.D. Cal. June 22, 2018).  Accordingly, Optima has not established by affidavit its reasonable diligence to serve Yageo's agent.

Fifth, section 416.10(b) allows service on particular corporate officers.  Cal. Code Civ. Proc. § 416.10(b).  Again, Optima's affidavit only shows attempts to serve Yageo; it does not establish that it searched for and tried to locate additional addresses for Yageo's other corporate officers.  The affidavit is thus "inadequate."  *See Bowdry & Bowdry*, 2018 WL 3093377, at *2 (denying service on the California Secretary of State where affidavit "does not show Plaintiffs have diligently attempted to search for such officers").

In sum, Optima has only shown that it could not personally serve or effectuate substitute service on Yageo at the San Jose address with reasonable diligence.  It did not attempt any other method provided under California Corporations Code section 1702(a).  As discussed above, its additional two email attempts to an unsubstantiated email address do not satisfy any of those prerequisites.  Consequently, Optima has not demonstrated that it has acted with the reasonable diligence required to permit alternate service on the California Secretary of State.  *See also Floyd*, 2020 WL 3035799, at *3 (denying service on Secretary of State despite nine personal service attempts and one substitute service attempt because plaintiff had not established by affidavit his attempts to effectuate service by mail).

**IV.   CONCLUSION**

For the foregoing reasons, Optima's motion for alternate service is denied without prejudice.  If Optima files a new motion, it must include an affidavit and appropriately authenticated exhibits establishing that service under the relevant prerequisite methods referenced in California Corporations Code 1702(a) is not possible with reasonable diligence.

**IT IS SO ORDERED.**

Dated: December 21, 2021

Donna M. Ryu
United States Magistrate Judge

7